IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PAUL REYNOLDS                                                    Plaintiff

v.                              4:07CV00611 WRW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                         Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Paul Reynolds, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. Both parties have submitted

appeal briefs and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or

---

[1]Inexplicably, the Argument portion of Defendant's Brief does not deal with the facts of this case, but apparently those of another case.  This is a relatively straightforward case, however, so the lack of a pertinent Brief by Defendant is no impediment to reaching a decision.

2

mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by the residuals of a total left knee arthroplasty and later revision. (Tr. 33)  The Commissioner found that he was disabled within the meaning of the Social Security Act from April 1, 2004, through February 14, 2006, but not thereafter.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act after February 14, 2006, is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from February 15, 2006, through December 20, 2006, the date of his decision.  (Tr. 39) On May 17, 2007, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 22-24)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds

---

[2]The Hon. Mark S. Anderson.

that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 49 years old at the time of the hearing. (Tr. 254)  He is a high school graduate.  Id.  He has past relevant work as a bricklayer, concrete finisher and cable installer/foreman/helper.  (Tr. 35, 101-02)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.[3]  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i) (2006).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 404.1520(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 404.1520(c).

Step 3 involves a determination of whether the severe

---

[3]The ALJ also utilized the eight-step evaluation process for determining continuing disability. (Tr. 32-33) It was not necessary to do so, however. When, in a single proceeding, the fact of disability, the extent of disability, and the duration of disability are all determined, the case is not a medical improvement case. Camp v. Heckler, 780 F.2d 721, 721-722 (8th Cir. 1986). There is a distinction between termination of currently received benefits and determination of discrete period of disability. Id. at 722.

impairment(s) meets or equals a listed impairment. Id., § 404.1520(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., § 404.1520(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., § 404.1520(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 33) He found that Plaintiff had a "severe" impairment, osteoarthritis of the left knee status post-surgery, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 33-34) He judged that Plaintiff's allegations regarding his limitations were credible and supported by clinical and laboratory data for the relevant time period of April 1, 2004, through February 14, 2006. (Tr. 35)

The ALJ found that, during the relevant time, Plaintiff did not retain the residual functional capacity for even sedentary work on a

regular and continuing basis. (Tr. 34)  He determined that, during the relevant time, Plaintiff was unable to perform his past relevant work or other work that existed in significant numbers in the economy. (Tr. 35-36)  Thus, he found that Plaintiff was disabled from April 1, 2004, through February 14, 2006. (Tr. 36)

The ALJ found that Plaintiff had significant medical improvement and, beginning February 15, 2006, had the residual functional capacity for sedentary work. (Tr. 37)  He found that Plaintiff's statements as to his limitations after February 14, 2006, were not entirely credible.  Id.  The ALJ found that Plaintiff was still unable to perform his past relevant work after February 14, 2006, but that he could perform other work which jobs existed in significant numbers in the economy. (Tr. 38)  Thus, he found that Plaintiff was no longer disabled as of February 15, 2006.[4]  Id.

Plaintiff argues that the ALJ had a duty to insure that he had all the relevant medical records before rendering his December 20, 2006, opinion. (Br. 11-12)  Specifically, he argues that the ALJ should have obtained progress notes dated September 27, 2006, and December 18, 2006, from C. Lowry Barnes, M.D., his treating orthopaedist.  Plaintiff submitted those records to the Appeals Council after the ALJ's decision. (Br. 11, Tr. 3, 239-48)  Plaintiff

---

[4]According to Plaintiff's Brief (footnote 1, page 11), he filed a subsequent application and was found disabled as of January, 2007. It appears that malignant melanoma was diagnosed in May of 2007. (Tr. 8)  The record reflects no connection between Plaintiff's later being found disabled and the case before the Court.

offers no explanation why he did not submit them to the ALJ. At least the September 27 notes were well before the ALJ's decision. Plaintiff did submit some medical evidence to the ALJ subsequent to the hearing. (Tr. 2, 230-36)

It would be unrealistic to require the ALJ to somehow insure that he had all relevant records before rendering his decision. That is especially so under the circumstances of the case. At the hearing, Plaintiff's attorney stated that the medical evidence was "reasonably complete," but that Plaintiff had had a doctor's appointment the day before and he would submit evidence from that visit. (Tr. 253) It does not appear that the attorney submitted that evidence, but, as noted before, he did submit other evidence.

Plaintiff had the burden of proving his disability, 20 C.F.R. § 404.1512(a) (2006), and thus bore the responsibility of presenting the strongest case possible. Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff bears a heavy burden in showing the record has been inadequately developed; he must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. Combs v. Astrue, 243 Fed.Appx. 200, 204 (8th Cir. 2007); Robinson v. Astrue, 2008 WL 312034 (E.D. Ark.). The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In this case, there was sufficient evidence upon which to make an informed decision.

7

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this    27     day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE